NUMBER 13-98-550-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


KENNETH PAUL SEALS, JR.
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of Goliad County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Justice Dorsey



 Appellant, Kenneth Paul Seals, Jr., was indicted for the offense of
operating a watercraft while intoxicated. See Tex. Penal Code Ann. §
49.06(a) (Vernon 1994). The indictment alleged two prior convictions
for driving while intoxicated, enhancing the primary offense to a third-degree felony. See Tex. Penal Code Ann. § 49.09(b) (Vernon Supp.
2000). A jury found appellant guilty of the primary offense and found
the enhancement allegations true. The trial court assessed punishment
at four years in prison, plus a $2,500 fine. The court suspended the
confinement and placed him on six years' community supervision. By
his sole point of error appellant asserts that the evidence is insufficient
to show that he was operating a boat. We affirm.

State's Evidence


 On July 6, 1996, Jesse Garcia, a game warden for the Texas Parks
and Wildlife Department, was on duty at Coleto Creek Reservoir. 
Garcia, who was also a peace officer, had the responsibility to enforce
the Texas Water Safety Act. He testified that a motorboat operated after
sunset is required to exhibit a red and green light on its bow (front) and
a white light on its stern (rear). That day after sunset Garcia saw that
a motorboat was being operated on the reservoir without the required
lights. The boat had four people on board and approached the shore
where Garcia was standing. As the boat reached the shore Garcia used
his flashlight to see who was operating it. He saw that appellant was
behind the steering wheel with his hands on the wheel. Garcia was
familiar with appellant due to a prior encounter with him at the
reservoir. When Garcia spoke to appellant he noticed that appellant had
a strong odor of an alcoholic beverage on his breath. He stated that
appellant was "a little uncoordinated" and that his reaction was slow. 
Appellant allowed Garcia to look into an ice chest located in the rear of
the boat. Upon seeing beer in the ice chest Garcia asked appellant how
much he had to drink. Appellant replied, "Enough." Garcia escorted
him to the picnic area where he administered four field-sobriety tests on
him. These tests were the finger-count test, hand-pat test, reciting-the-alphabet test, and a number-count test. He explained these tests to
appellant, but appellant was unable to perform them correctly. 
Afterwards Garcia escorted appellant to the restroom area which was
lighted and had a flat, concrete surface. At this area Garcia
administered three more field-sobriety tests to appellant: the walk-and-turn test, the one-leg-raise test, and the horizontal-gaze-nystagmus
(HGN) test. Garcia demonstrated the first two tests to appellant, but he
was not able to adequately perform them. Garcia's testimony showed
that appellant's performance on the HGN test indicated that he was
intoxicated. Garcia testified that based upon appellant's performance
on the HGN test as well as the other field-sobriety tests "there was no
doubt in my mind that Mr. Seals was intoxicated." Garcia's testimony
was that appellant had lost the normal use of his mental or physical
faculties due to the ingestion of alcohol.

 After Garcia finished the field-sobriety tests he arrested appellant
for "boating while intoxicated." Garcia read appellant the Miranda(1)
warnings and transported him to the Goliad County Sheriff's Office. 
Garcia testified that the motorboat in question was a watercraft and
that appellant was operating the boat in Goliad County, Texas.

 Upon arrival at the sheriff's office Garcia took appellant to the
intoxilyzer room. Jerry Mead, a certified intoxilyzer operator for the
Texas Department of Public Safety, administered a breath test to
appellant. The test showed that appellant had an alcohol concentration
of .19.

 On cross-examination defense counsel questioned Garcia about
the location of the steering wheel in the boat. Garcia testified that the
boat's "steering wheel was approximately about on the front one-third
of the area," describing the boat. Garcia stated that he saw appellant
"at the wheel." He saw three other people in the boat with appellant. 
One person was sitting next to appellant, and the other two persons
were sitting behind appellant. Garcia testified that he was "absolutely
sure" that appellant was operating the boat.

Appellant's Evidence


 Appellant called his father, Kenneth Seals, Sr., as his only witness. 
Seals testified that on July 6, 1996, he had owned a Glastron boat with
a motor on it. This was the boat that appellant was using at the time
he was arrested. Seals' testimony showed that the boat's steering
column was located at the right rear one-third of the boat. On direct-examination counsel asked him, "If . . . [a person is] at the upper right
one-third of the boat, it'd be impossible to steer that vehicle?" Seals
answered affirmatively. On cross-examination Seals testified that the
person behind the steering wheel would be driving the boat.

 Appellant did not testify during the trial of this case.

Analysis


 By a single point of error appellant argues that the evidence is
insufficient to establish that he was operating a boat. Although
appellant does not state whether he is challenging the legal or factual
sufficiency of the evidence to support his conviction he does ask this
Court to reverse the judgment and order an acquittal. Therefore we will
conduct a legal sufficiency review of the evidence.

 The United States Supreme Court set the standard for reviewing
legal sufficiency of the evidence in Jackson v. Virginia, 443 U.S. 307
(1979); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). 
We examine "the evidence in the light most favorable to the prosecution
to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt." 
Dewberry, 4 S.W.3d at 740; Arnold v. State, 873 S.W.2d 27, 30 (Tex.
Crim. App. 1993); Blankenship v. State, 780 S.W.2d 198, 207 (Tex.
Crim. App. 1989). We must evaluate all of the evidence in the record,
both direct and circumstantial, whether admissible or inadmissible. 
Dewberry, 4 S.W.3d at 740. See Johnson v. State, 967 S.W.2d 410,
412 (Tex. Crim. App. 1998). When reviewing the evidence our role is
not to become a thirteenth juror. In other words we may not
re-evaluate the weight and credibility of the record evidence and thereby
substitute our judgment for that of the fact-finder. Dewberry, 4 S.W.3d
at 740; Wilson v. State, 863 S.W.2d 59, 65 (Tex. Crim. App. 1993).


 In the instant case the application paragraph of the charge
provided, in part:

 Now, if you find from the evidence beyond a reasonable
doubt that on or about the 7th day of July, 1996, the
defendant, Kenneth Paul Seals, Jr., was intoxicated and that
while intoxicated he operated a watercraft, . . . and if you
further find to a preponderance of the evidence, that this
occurred in Goliad County, Texas, then you will find the
defendant guilty of the felony offense as alleged in the
indictment.


 Appellant argues that this Court should find that the evidence is
insufficient to convict him because there is a conflict in the evidence
concerning the location of the steering wheel in the boat. Jesse Garcia
testified that the steering wheel was located "approximately about on
the front one-third of the area," describing the boat. However
appellant's father testified that the steering wheel was located in the
right rear one-third of the boat. Defendant's exhibit one, which was
admitted in evidence, is a photograph of the boat in question. The
photo appears to show that the console and steering wheel are located
approximately in the middle part of the boat on the right-hand side of
the boat. Nevertheless Garcia testified that he saw appellant behind the
steering wheel with his hands on the wheel. Garcia said that he was
"absolutely sure" that appellant was operating the boat. Garcia was
familiar with appellant because of a prior encounter with him. 
Appellant's father testified that the person behind the steering wheel
would be driving the boat. Although the evidence pertaining to the
location of the steering wheel is conflicting Garcia's testimony showing
that appellant was operating the boat was uncontradicted. Our law
provides that the jury resolves any conflicts in the evidence and is the
sole judge of the witnesses' credibility and the weight given to the
evidence. Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App.
1992); Rodriguez v. State, 888 S.W.2d 211, 214 (Tex. App.--Corpus
Christi 1994, no pet.). The jurors were free to believe Garcia's
testimony and find that appellant was operating the boat on the
occasion in question.

 The evidence also showed that appellant was intoxicated while he
operated the boat, that the boat was a watercraft, and that the offense
occurred in Goliad County, Texas. We hold that the evidence is
sufficient for a rational jury to conclude beyond a reasonable doubt that
appellant committed the offense of operating a watercraft while
intoxicated. We overrule the point of error.

 We AFFIRM the trial court's judgment.



 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 1st day of June, 2000.

1. See Miranda v. Arizona, 384 U.S. 436 (1966).